NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS L. TARN and LINDA A. TARN, <br><br> Plaintiffs, <br><br> v. <br><br> UNILEVER UNITED STATES, INC., and CONOPCO, INC. (as successor to Bestfoods), <br><br> Defendants. | Civil Action No. 2:12-cv-05577 (CCC) (JAD) <br><br> **REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by plaintiffs Thomas L. Tarn ("Mr. Tarn") and Linda A. Tarn ("Ms. Tarn") (collectively, "Plaintiffs") to remand this action to the Superior Court of the State of New Jersey, Morris County, pursuant to 28 U.S.C. § 1447 (the "Motion to Remand"). The Motion to Remand was referred to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiffs' motion to remand be **DENIED**.

I.  **BACKGROUND.**

This action involves Plaintiffs' claims for breach of contract and emotional distress arising out of defendants Unilever United States, Inc.'s and Conopco, Inc.'s (as successor to Bestfoods)(together, "Defendants" or "Unilever") alleged breach of a settlement agreement the

1

parties entered to resolve a prior litigation.[1] Plaintiffs alleged the Agreement contemplated that Mr. Tarn would continue to receive certain medical benefits under Unilever's UNICare Benefits Choice Program (the "UNICare Program"), and that Unilever breached the Agreement by terminating these benefits.

Plaintiffs originally filed the action in New Jersey Superior Court, Law Division, Morris County. (Compl., ECF No. 1-1). Defendants removed the matter to this Court, asserting that the action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Id.), which completely preempts Plaintiff's state law claims. Plaintiffs, however, contended that this action is a state law breach of contract claim and does not arise under ERISA. Thus, this Court must decide whether Plaintiff's state law claims are preempted by ERISA, such that remand is inappropriate.

    A.    <u>The Settlement Agreement.</u>

Mr. Tarn is a former employee of Unilever (Compl. ¶¶ 2-3, ECF No. 1). In a prior lawsuit, Mr. Tarn sued Unilever, claiming that Unilever terminated him based on a disability in violation of the New Jersey Law Against Discrimination. (Opp. Br. 1, ECF No. 10-1). The parties participated in a successful mediation, and entered into a Confidential Settlement Agreement and General Release on January 21, 2008 (the "Agreement").

Plaintiffs alleged that the instant action arises out Defendants breach of a single paragraph of the Agreement, paragraph 7, which provides:

> "Nothing herein is intended to interfere with the RELEASOR's participation in Unilever's UNICare Benefits of Choice Program in accordance with the terms of the controlling plan documents, as they may be amended, modified or otherwise changed. Nothing herein is intended to provide the RELEASOR with additional rights beyond the terms of any plan document."

---

[1] Mr. Tarn and Defendants executed the Agreement. (Compl. ¶ 3, ECF No. 1-1). Plaintiffs alleged that Mrs. Tarn, as the wife of Mr. Tarn, is a third-party beneficiary to the Agreement. (Id.).

("Paragraph 7")(Opp. Br. 1, ECF No. 12).

According to Plaintiffs, the continuation of Mr. Tarn's medical benefits under the UNICare Program was a significant aspect of the Agreement, and was memorialized by the language of Paragraph 7. (Compl. ¶ 3, ECF No. 1); see also (Br. Supp. Mot. Remand 2, ECF No. 10-1) ("Plaintiffs relied on the assurance of continued medical, life insurance and other benefits in settling the prior action."). Plaintiffs alleged that Paragraph 7 specifically provided that although Defendants could "amend, modify or change" the benefits Plaintiffs received, they could not terminate such benefits altogether. (Reply Br. 1, ECF No. 14). Nevertheless, Defendants allegedly unilaterally ended all Mr. Tarn's benefits by amending the UNICare Program's eligibility provision such that Mr. Tarn became ineligible for the medical coverage he previously received. (Opp. Br. 4, ECF No. 12). Plaintiff argued this was not an "amendment," but a breach of the Agreement, which contemplated Mr. Tarn's continued receipt of medical benefits under the UNICare Program.[2] Defendants ceased providing UNICare Program benefits to Plaintiffs on January 31, 2011. (Id.).

### B. The Motion to Remand.

On August 9, 2012, Plaintiffs filed the Complaint in NJ Superior Court, seeking restoration of Mr. Tarn's benefits under the UNICare Program. (Compl. 7, ECF No. 1-1).[3]

On September 6, 2012, Defendants filed a notice of removal. (Notice of Removal, ECF No. 1). Defendants argued that Plaintiffs' claims are based upon Defendants' alleged interference with Plaintiffs' rights to benefits under an ERISA plan and, therefore, arise under

---

[2] The parties also refer to the medical benefits sought by Plaintiffs as "UBC Coverages," which stands for "Unilever Benefits of Choice" program. (Opp. Br. 4, ECF No. 12). For purposes of this Opinion, the Court shall incorporate these "UBC Coverages" as subsumed in the UNICare Program.

[3] Plaintiffs also asserted claims for emotional distress and attorneys' fees, both stemming from Defendants' alleged breach of the Agreement. (Compl. at Count Two and Count Three).

3

and are preempted by ERISA pursuant to 29 U.S.C. § 1132(e). Specifically, Defendants argued that the Agreement makes clear that Plaintiffs' right to benefits is dependent upon the terms of the UNICare Program, and that the UNICare Program may be amended, modified or otherwise changed. (Opp. Br. 9, ECF No. 12). According to Defendants, based on the plain language of the Agreement, ERISA preempts Plaintiffs' claims because they relate to an ERISA plan that the Court must review and interpret in order to determine Plaintiffs' right to benefits, if any. (Id.). Put simply, Defendants argued that the right to the benefits sought by Plaintiffs derives exclusively from an ERISA plan, not the Agreement. (Id.).

Plaintiffs objected to Defendants' characterization of their claims. Plaintiffs argued their claims are not preempted because the pertinent issue is whether Defendants owe an ongoing obligation to provide medical benefits to Plaintiffs pursuant to Paragraph 7, which does not require an interpretation of an ERISA plan or an analysis of Plaintiff's entitlement to benefits under an ERISA plan. According to Plaintiffs, implicit in Paragraph 7 is Defendants' promise to provide Plaintiffs with the "same level" of coverage he had been receiving. (Compl. ¶ 3, ECF No. 1-1). The language permitting amendment, modification and/or change to the controlling plan documents was allegedly included to allow Unilever to amend the plan in order to remain competitive – not to backhandedly terminate Plaintiffs' coverage by changing the plan's eligibility requirements. By terminating Plaintiffs' eligibility to participate in the UNICare Program, Defendants breached the Agreement.

## II. REMOVAL AND PREEMPTION.

The removal inquiry begins with the well-pleaded complaint rule. Nott v. Aetna U.S. Healthcare, Inc., 303 F. Supp. 2d 565, 568-69 (E.D. Pa. 2004) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353–54 (3d

Cir.1995)). A civil action filed in state court may be removed to federal court if the claim is one "arising under" federal law. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses. Id. A suit arises under the Constitution and the laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution. Lassiter v. Pacificare Life & Health Ins. Co., No. 2:07-cv-583-MEF, 2007 WL 4404051, *1, *2 (Dec. 13, 2007) (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. at 6). As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. Id.

However, a state claim may be removed to federal court under two narrow exceptions to the well-pleaded complaint rule: (1) when Congress expressly provides for removal; or (2) when a federal statute wholly displaces the state-law cause of action through complete preemption. Id.

The doctrine of complete preemption operates to transform state law causes of action into exclusively federal claims in those instances in which Congress intended that a statute completely supplant all state law causes of action. Nott v. Aetna U.S., 303 F. Supp. 2d at 569 (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987); Metropolitan. Life, 481 U.S. at 63–66; In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999)).[4]

---

[4] Complete preemption is stringently applied. Ry. Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co., 858 F.2d 936, 942 (3d Cir. 1988). The fact that a state law cause of action requires reference to federal law is insufficient to establish complete preemption. Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc., 482 U.S. at 399; see also Dukes v. U.S. Healthcare, Inc., 57 F.3d at 353–54; Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 310 n. 6 (3d Cir.1994). Hence, absent complete preemption, the fact that a defendant may eventually prove that the plaintiff's claims are preempted under federal law does not mean that they are removable. Caterpillar, Inc., 482 U.S. at 391; Gully, 299 U.S. at 116–17; Ry. Labor Executives Ass'n, 858 F.2d at 940 (citing Franchise Tax Bd., 463 U.S. at 26, 103 S.Ct. 2841).

In Metropolitan Life, the Supreme Court determined that Congress intended the complete-preemption doctrine to apply to state law causes of action which fit within the scope of ERISA's civil enforcement provision, namely 29 U.S.C. § 1132(a)(1)(B) ("Section 502"). 481 U.S. at 63; see also Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) ("The ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule.").

However, "[t]hat the Supreme Court recognized a limited exception to the well-pleaded complaint rule for state law claims which fit within the scope of Section 502 by no means implies that all claims preempted by ERISA are subject to removal. Instead, 'removal and preemption are two distinct concepts.'" See Dukes v. U.S. Healthcare, Inc., 57 F.3d at 355 (citing Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir. 1995)).

The Third Circuit in Dukes explained this distinction as follows. Section 1144(a) of ERISA defines the scope of ERISA preemption, providing that ERISA preempts all state laws that "relate to" employee benefit plans. See id. (citing 29 U.S.C. § 1144(a)). A state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." Metropolitan Life, 471 U.S. at 739.

On the other hand, complete preemption under Metropolitan Life is concerned with a more limited set of state laws, those which fall within the scope of Section 502. Section 502 provides that a participant or beneficiary of a plan governed by ERISA may bring an action "to

---

Before the extraordinary remedy of complete preemption can apply, two elements must be met: (1) the state law cause of action must be covered by the civil enforcement scheme created by the federal statute; and (2) Congress must have clearly intended that the federal statute would preempt all state law causes of action, thus permitting removal even when the plaintiff's complaint relies exclusively on state law. Nott v. Aetna U.S. Healthcare, Inc., 303 F. Supp. 2d. 565, 570 (E.D. Pa. 2004) (citations omitted). If either element is lacking, complete preemption does not apply and federal removal jurisdiction is lacking. Id.

6

recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see also Olchovy v. Michelin N. Am., Inc., CV 11-1733 ADS ETB, 2011 WL 4916891. *1, *3 (E.D.N.Y. Sept. 30, 2011) report and recommendation adopted sub nom. Olchovy v. Michelin Northamerica, Inc., 11-CV-1733 ADS ETB, 2011 WL 4916564 (E.D.N.Y. Oct. 17, 2011). Thus, state law claims which fall outside of the scope of § 502, even if preempted by § 1144(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in Metropolitan Life. (citations omitted). Id. ("When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under [§ 1144(a)] the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." Dukes v. U.S. Healthcare, Inc., 57 F.3d at 355; see also Mints v. Educ. Testing Serv., CIV. 95-3446(CSF), 1995 WL 907598 (D.N.J. Sept. 18, 1995) ("The fact that a defendant might ultimately prove that a plaintiff's claims are preempted -- for example under § 1144 (a) -- 'does not establish that they are removable to federal courts.'") (quoting Warner, 46 F. 3d at 535).

### III. ANALYSIS.

The relevant question in this matter is whether Paragraph 7 of the Agreement created a legal duty on the part of Defendants that is independent of ERISA. If so, Plaintiffs' claims are not preempted:

> Where the individual is entitled to such [benefits] only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),

7

and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA[ ].

Cantor v. Am. Banknote Corp., 06 CIV. 1392 (PAC), 2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007).

This Court disagrees with Defendants sweeping argument that ERISA completely preempts all state law breach of contract claims predicated on settlement agreements. (Opp. Br. 8, ECF No. 12). Indeed, none of the cases relied on by Defendants support such a broad theory. Rather, each case carefully analyzed whether the settlement agreement at issue created an independent obligation on the part of a defendant, independent of an entitlement to benefits under ERISA. See Boren v. NL Indus. Inc., 889 F. 2d 1463 (5th Cir. 1989) (affirming dismissal of breach of contract claim against employer that executed a settlement agreement because employer satisfied its contractual obligations, not because the claim was preempted); Bd. of Trustees of Hotel & Rest. Employees Local 25 v. Madison Hotel, Inc., 97 F.3d 1479, 1487 (D.C. Cir. 1996) (breach of settlement agreement preempted by ERISA where settlement agreement required interpretation of ERISA to determine amount of delinquency due, employers obligations and available remedies); Goldman v. BCBSM Foundation, 841 F. Supp. 2d 1021 (E.D. Mich. 2012) (stating that a breach of settlement agreement claim could potentially go forward to the extent such claim is for breach of promises contained only in the settlement agreement); Kelly v. Deutsche Bank Securities Corp, No. 09-5378, 2010 WL 2292388 (E.D.N.Y. June 3, 2010) (dismissing claim for breach of settlement agreement where each and every "contractual" claim required interpretation of ERISA regulated plans).

Plaintiffs' argument that Paragraph 7 created an independent obligation on the part of Defendants' to provide Plaintiffs with the "same level" of coverage he had been receiving is

more akin to cases in which other courts found removal jurisdiction lacking. See Dukes v. U.S. Healthcare, 57 F.3d at 356 (remanding case because plaintiffs' claims "had nothing at all to do" with § 502 and, therefore, federal removal jurisdiction did not exist); Mints v. Educ. Testing Serv., CIV. 95-3446 CSF, 1995 WL 908705 (D.N.J. Nov. 6, 1995) (notwithstanding that plaintiffs sought the reinstatement of ERISA benefits, federal removal jurisdiction did not exist); Olchovy v. Michelin North Am., 2011 WL 4916891 at *6 (remanding matter because the obligation claimed arose from a settlement agreement, not from the rights and benefits established by a benefit plan); Cantor v. Am. Banknote Corp., No. 06-CIV-1392(PAC), 2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007) (breach of contract claim that arose out of an independent contractual obligation pursuant to a settlement agreement, rather than a denial of benefits, not completely preempted by ERISA); see also Zuniga v. Blue Cross and Blue Shield of Michigan, 52 F.3d 1395 (6th Cir. 1995) (stating removal of state claims not covered by Section 502 of ERISA would be "improper").

The Court, however, is ultimately constrained by the language of Paragraph 7. Although Plaintiffs argued that Paragraph 7 created an ongoing obligation on the part of Defendants to provide medical benefits to Plaintiffs, which does not require an interpretation of an ERISA plan or an analysis of Plaintiff's entitlement to benefits under an ERISA plan, the language of Paragraph 7 does not support such a contention. Paragraph 7 cannot be read to create an affirmative and independent legal duty on the part of Defendants, but rather is a non-interference clause that specifically limits Mr. Tarn's participation in the UNICare Program to the plans controlling documents, which may be "amended, modified, or otherwise changed." Moreover, the Agreement explicitly provided that it did not create and independent legal duty capable of separating Plaintiffs' breach of contract claim from his claim for benefits: "Nothing herein is

intended to provide the RELEASOR with additional rights beyond the terms of any plan document." Given Paragraph 7's explicit language, the Agreement does not provide for the benefits Plaintiffs seek, the ERISA plan does. Thus, Plaintiffs' claims are completely preempted by ERISA and, therefore, removable.

## IV. CONCLUSION.

It is the recommendation of this Court that Plaintiffs' motion to remand be **denied**.

SO ORDERED

_____ 5/10/13
JOSEPH A. DICKSON, U.S.M.J.

cc.  Honorable Claire C. Cecchi, U.S.D.J.